1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

          Plaintiff,

      v.

WASHINGTON DEPARTMENT OF FISH
& WILDLIFE, ET AL,

          Defendants.

Case No. 2:21-cv-00169-JNW

**MOTION TO INTERVENE FOR
LIMITED PURPOSE OF FILING
MOTION TO DISMISS**

NOTE ON MOTION CALENDAR FOR:
MAY 12, 2023 Oral Argument Requested

MOTION TO INTERVENE FOR LIMITED PURPOSE OF
FILING MOTION TO DISMISS
NO. 2:21-cv-00169-JNW

LUMMI INDIAN BUSINESS COUNCIL
2665 KWINA ROAD, BELLINGHAM, WA 98226
TELEPHONE: (360) 384-7110

# TABLE OF CONTENTS

Page

MOTION TO INTERVENE FOR LIMITED PURPOSE OF FILING MOTION TO
    DISMISS PURSUANT TO FRCP 12(B)(7) AND 19 ....................................................... 1

MEMORANDUM IN SUPPORT ........................................................................................... 1

    I.        INTRODUCTION ....................................................................................... 1

    II.       FACTUAL BACKGROUND ...................................................................... 2

          A.      The Lummi Tribe of Washington Retains Treaty Rights to Take
                Fish Within Their Usual and Accustomed Places to Support a
                Moderate Livelihood. ...................................................................... 2

          B.      The Lummi Tribe of Washington Retains a Treaty Right to Take
                Hatchery-Produced Fish and to Co-manage such Fish. ............................. 2

          C.      WDFW's Operation of the Puget Sound Hatcheries Averts
                Significant Harm to the Tribe's Fishing Rights. ......................................... 3

    III.      ARGUMENT AND AUTHORITY ............................................................... 4

          A.      Legal Standard for Intervention of Right Pursuant to FRCP
                24(a)(2). ........................................................................................ 4

           B.      The Tribe's Motion for Limited Intervention Is Timely. ............................ 6

          C.      The Tribe Has A Significant Protectable Interest in the Subject
                Matter of the Litigation. .................................................................. 6

          D.      If Plaintiffs Succeed in This Case, the Tribe's Interests Will as A
                Practical Matter Be Severely Impaired or Impeded. ................................... 7

          E.      No Party Adequately Represents the Tribe's Interests. ............................... 8

    IV.      CONCLUSION ......................................................................................... 10

Motion to Intervene for Limited Purpose       i       Lummi Indian Business Council
of Filing Motion to Dismiss                      2665 Kwina Road, Bellingham, WA 98226
No. 2:21-cv-00169-JNW                          Telephone: (360) 384-7110

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003)...................................................................................... 8

*Backcountry Against Dumps v. Bureau of Indian Affairs*,
    No. 21-55869, 2022 U.S. App. LEXIS 29947 (9th Cir. Oct. 27, 2022).................................... 4

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
    647 F.3d 893 (9th Cir. 2011)....................................................................................*passim*

*Confederated Tribes of the Chehalis Indian Rsrv. v. Lujan*,
    928 F.2d 1496 (9th Cir. 1991)..................................................................................... 10

*Deschutes River All. v. Portland Gen. Elec. Co.*,
    1 F.4th 1153 (9th Cir. 2021)......................................................................................... 1

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*,
    932 F.3d 843 (9th Cir. 2019).............................................................................. 5, 9, 10

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998)......................................................................................... 6

*Forest Conservation Council v. U.S. Forest Serv.*,
    66 F.3d 1489 (9th Cir. 1995)................................................................................... 8, 10

*Friends of Amador Cnty. v. Salazar*,
    554 F. App'x 562 (9th Cir. 2014)................................................................................. 9

*Grutter v. Bollinger*,
    188 F.3d 394 (6th Cir. 1999)......................................................................................... 7

*Hayes v. Chaparral Energy, LLC*,
    No. 14-CV-495-GKF-PJC, 2016 U.S. Dist. LEXIS 37631 (N.D. Okla. Mar. 23, 2016),
    *vacated as moot*, 699 F. App'x 799 (10th Cir. 2017)....................................................... 5

*Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*,
    48 F.4th 934 (9th Cir. 2022)......................................................................................... 4

*Kickapoo Tribe of Okla. v. Lujan*,
    728 F. Supp. 791 (D.D.C. 1990)................................................................................. 9

*Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*,
    422 F.3d 490 (7th Cir. 2005)......................................................................................... 5

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997)..................................................................................... 6

*Makah Indian Tribe v. Verity*,
    910 F.2d 555 (9th Cir. 1990)..................................................................................... 10

*Manybeads v. United States*,
    209 F.3d 1164 (9th Cir. 2000)..................................................................................... 10

*Maverick Gaming LLC v. United States*,
    No. 3:22-cv-05325-DGE, 2023 U.S. Dist. LEXIS 28654 (W.D. Wash. Feb. 21, 2023) ............ 5

*Murphy Co. v. Trump,*
  No. 1:17-cv-00285-CL, 2017 U.S. Dist. LEXIS 35959 (D. Or. Mar. 14, 2017) ........................ 9

*Nw. Forest Res. Council v. Glickman,*
  82 F.3d 825 (9th Cir. 1996) ........................................................................................................ 6

*Quileute Indian Tribe v. Babbitt,*
  18 F.3d 1456 (9th Cir. 1994) .................................................................................................... 10

*SEC v. Ross,*
  504 F.3d 1130 (9th Cir. 2007) .................................................................................................... 5

*Shermoen v. United States,*
  982 F.2d 1312 (9th Cir. 1992) .................................................................................................. 10

*Sierra Club v. U.S. EPA,*
  995 F.2d 1478 (9th Cir. 1993) .................................................................................................. 10

*Sw. Ctr. for Biological Diversity v. Berg,*
  268 F.3d 810 (9th Cir. 2001) ................................................................................................. 4, 7

*Trbovich v. United Mine Workers of Am.,*
  404 U.S. 528 (1972) ................................................................................................................... 8

*Union Pac. R.R. Co. v. Runyon,*
  320 F.R.D. 245 (D. Or. 2017) .................................................................................................... 9

*United Keetoowah Band of Cherokee Indians of Okla. v. United States,*
  480 F.3d 1318 (Fed. Cir. 2007) ................................................................................................. 5

*United Specialty Ins. Co. v. Jonak,*
  No. 3:17-cv-0330-AC, 2017 U.S. Dist. LEXIS 173259 (D. Or. Aug. 28, 2017) ...................... 5

*United States v. City of L.A.,*
  288 F.3d 391 (9th Cir. 2002) ................................................................................................. 6, 7

*United States v. Washington,*
  384 F. Supp. 312 (W.D. Wash. 1974),
  *aff'd,* 520 F.2d 676 (9th Cir. 1975), *cert denied,* 443 U.S. 658 (1979) ............................... 1, 2

*United States v. Washington,*
  506 F. Supp. 187 (W.D. Wash. 1980),
  *aff'd in part, rev'd in part,* 694 F.2d 1374 (9th Cir. 1982) ....................................................... 2

*United States v. Washington,*
  759 F.2d 1353 (9th Cir. 1985) .............................................................................................. 1, 2, 7

*United States v. Washington,*
  626 F. Supp. 1405 (W.D. Wash. 1985)
  *aff'd,* 841 F.2d 317 (9th Cir. 1988) .......................................................................................... 1

*United States v. Washington,*
  18 F. Supp. 3d 1082 (W.D. Wash. 1985) .................................................................................. 3

*United States v. Washington,*
  19 F. Supp. 3d 1252 (W.D. Wash. 1987) .................................................................................. 3

MOTION TO INTERVENE FOR LIMITED PURPOSE    iii    LUMMI INDIAN BUSINESS COUNCIL
OF FILING MOTION TO DISMISS    2665 KWINA ROAD, BELLINGHAM, WA 98226
NO. 2:21-cv-00169-JNW    TELEPHONE: (360) 384-7110

*United States v. Washington*,
  853 F.3d 946 (9th Cir. 2017),
  *aff'd per curiam*, 138 S. Ct. (2018) ........................................................................ 3

*Washington v. Wash. State Com. Passenger Fishing Vessel Ass'n*,
  443 U.S. 658 (1979) ........................................................................................ 2

*White v. Univ. of Cal.*,
  765 F.3d 1010 (9th Cir. 2014) ...................................................................... 9

*Wilderness Soc'y v. U.S. Forest Serv.*,
  630 F.3d 1173 (9th Cir. 2011) ...................................................................... 4

*Wyandotte Nation v. City of Kan. City*,
  200 F. Supp. 2d 1279 (D. Kan. 2002) ......................................................... 5

**Rules**

Fed. R. Civ. P.
  12(b)(7) ........................................................................................... *passim*
  19 .................................................................................................... *passim*
  24(a) ................................................................................................ *passim*

**Other Authorities**

6 Moore's Federal Practice § 24.03[4][a] (2023) ...................................... 8, 10

1855 Treaty of Point Elliott, 12 Stat. 927 ....................................................... 2

1

**MOTION TO INTERVENE FOR LIMITED PURPOSE OF FILING MOTION TO DISMISS PURSUANT TO FRCP 12(b)(7) and 19**

2

3     Expressly reserving its sovereign immunity, the Lummi Indians of The Lummi

4  Reservation of Washington ("Tribe" or "Lummi"), pursuant to Federal Rule of Civil Procedure

5  ("FRCP") 24(a)(2), move for leave to intervene for the sole and limited purpose of establishing

6  that this case cannot proceed in the Tribe's absence by filing a motion to dismiss pursuant to

7  FRCP 12(b)(7) and 19.  The Tribe is entitled to intervene as of right because it claims an interest

8  relating to fish resources of Puget Sound, which are the subject of this action.[1]  Plaintiffs seek to

9  prohibit the Washington Department of Fish & Wildlife ("WDFW") from funding or allowing

10 fish hatchery releases of over 17 million salmon.  Such relief would, as a practical matter, directly

11 eliminate fish that are necessary to fulfill the off-reservation fishing rights reserved to the Tribe

12 by treaty and other federal law.  The Tribe may not be joined because the Tribe has sovereign

13 immunity, which it has not and does not waive here.  Federal courts regularly grant motions for

14 limited intervention under FRCP 24(a) to allow absent and immune sovereign parties, such as

15 Indian tribes, states, or foreign countries, to move to dismiss under FRCP 12(b)(7).   This motion

16 is based on the court file, the accompanying memorandum, and the Declarations of Dana Wilson

17 and Thomas Chance.

18

19

20

21

22

23

24

25

26

---

27  [1] The Tribe will also seek dismissal on grounds that the action cannot proceed in the absence of
other tribes who are parties to *United States v. Washington*, W.D. Wash. No. 70-9213 or *United States v. Oregon*, D. Or. Nos. 68409, 68513, each of whom is a required party.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

Lummi has treaty fishing rights and adjudicated usual and accustomed fishing areas in the river drainages and in the marine waters of Northern Puget Sound.  *United States v. Washington*, 384 F. Supp. 312, 360-63 (W.D. Wash. 1974), *aff'd*, 520 F.2d 676 (9th Cir. 1975), *cert denied*, 443 U.S. 658 (1979).  Since time immemorial, Lummi and its members have relied on the fish that originate in or pass through the Tribe's usual and accustomed places.  The Tribe also co-manages and has a shared interest in the hatcheries subject to this case.

Plaintiffs seek injunctive relief that would effectively prohibit WDFW from operating or funding thirteen hatcheries which, they allege, lack final Hatchery and Genetics Management Plans (HGMPs) approved by the National Marine Fisheries Service (NMFS), and one hatchery which, they allege, has not been operated in compliance with the approved HGMP.  However, these issues cannot be reached in the absence of necessary parties.  *E.g.*, *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1156 (9th Cir. 2021) (because of dismissal under Rule 19 the court does not reach the question whether PGE and the Tribe violated the Clean Water Act).

The Tribe satisfies all required elements for intervention of right under FRCP 24(a)(2).  The Tribe's motion to intervene is timely.  The Tribe has a significant protectable interest relating to the property or transaction that is the subject of the action.  There is a direct relationship between the Tribe's legally protected rights (its treaty rights) and the Plaintiffs' claims (which seek to prevent production and release of the fish the Tribe relies upon).  Long ago, the federal courts ruled that hatchery-produced fish are included within the Tribe's treaty fishing rights.  *E.g.*, *United States v. Washington*, 759 F.2d 1353 (9th Cir. 1985) (en banc).  (*See also* Declaration of Thomas Chance ("Chance Decl.") ¶¶ 5-7; Declaration of Dana Wilson ("Wilson Decl.") ¶ 6.)  An order enjoining WDFW from operating or funding hatcheries would directly prevent fulfillment of the Tribe's treaty rights.  No existing party can adequately represent the Tribe's interests.  The Tribe should be granted intervention to allow it to file its motion to dismiss pursuant to FRCP 12(b)(7) and 19.

1

**II.      FACTUAL BACKGROUND**

2

A.  <u>The Lummi Tribe of Washington Retains Treaty Rights to Take Fish Within</u>
<u>Their Usual and Accustomed Places to Support a Moderate Livelihood.</u>

3

4

The 1855 Treaty of Point Elliott declares: "[t]he right of taking fish at usual and

accustomed grounds and stations is further secured to said Indians in common with all citizens of

5

the Territory."  12 Stat. 927, Article 5.  In 1974, Judge Boldt ruled that Indian tribes are entitled

6

to off-reservation treaty fishing rights as political successors to tribes that signed treaties

7

including the Treaty of Point Elliott.  *United States v. Washington*, 384 F. Supp. at 406.

8

Preservation of traditional tribal fishing was an express purpose of the treaties.  *See Washington v.*

9

*Wash. State Com. Passenger Fishing Vessel Ass'n*, 443 U.S. 658 (1979) ("*Fishing Vessel*").

10

B.  <u>The Lummi Tribe of Washington Retains a Treaty Right to Take Hatchery-</u>
<u>Produced Fish and to Co-manage such Fish.</u>

11

12

The district court in *United States v. Washington*, 506 F. Supp. 187 (W.D. Wash. 1980),

13

*aff'd in part, rev'd in part*, 694 F.2d 1374 (9th Cir. 1982), determined that the treaties' intent to

14

guarantee the Tribes an "adequate supply of fish" went "far toward resolving the hatchery issue"

15

in the Tribes' favor.  *Id.* at 197.  As the Ninth Circuit affirmed:

16

> [T]he district court properly concluded that *Fishing Vessel's* holding that the Tribes are
> entitled under the treaty to an "adequate supply of fish" supports the inclusion of hatchery

17

> fish in the allocation. . . . *Fishing Vessel* mandates an allocation of 50 percent of the fish
> to the Indians, subject to downward revision if moderate living needs can be met with less.

18

> The Tribes have a right to at most one-half of the harvestable fish in the case area. This
> limitation on the amount of fish allocable to the Tribes highlights the need to permit them

19

> to share equitably in the hatchery fish.

20

*United States v. Washington*, 759 F.2d at 1358-59 (citation omitted).  The Ninth Circuit explained

21

further:

22

> The hatchery programs have served a mitigating function since their inception in 1895.

23

> They are designed essentially to replace natural fish lost to non-Indian degradation of the
> habitat and commercialization of the fishing industry.  Under these circumstances, it is

24

> only just to consider such replacement fish as subject to treaty allocation. For the Tribes to
> bear the full burden of the decline caused by their non-Indian neighbors without sharing

25

> the replacement achieved through the hatcheries, would be an inequity and inconsistent
> with the Treaty.

26

*Id.* at 1360 (citations omitted).

27

28

1    For decades, the State and Tribes have complied with court orders in *United States v.*

2    *Washington* that require the parties to co-manage hatchery fish resources. *E.g.*, Puget Sound

3    Salmon Management Plan Section 4, *United States v. Washington*, 18 F. Supp. 3d 1082, 1090

4    (W.D. Wash. 1985) (no modifications to the hatchery brood program without prior agreement of

5    the affected parties); the "Mass Marking order", *United States v. Washington*, 19 F. Supp. 3d

6    1252, 1257 (W.D. Wash. 1997) (before taking any fisheries management action which would

7    affect another party's fisheries parties shall notify each affected party and follow agreed

8    procedures).

9    The Tribe's fishing rights entitle it to more than just the presence of salmon in the river,

10   but rather to sustainable harvestable quantities. *United States v. Washington*, 853 F.3d 946, 958,

11   965-66 (9th Cir. 2017), *aff'd per curiam*, 138 S. Ct. 1832 (2018). As explained in Chance

12   Declaration paragraph 13, Lummi hatcheries engage in sustainable management practices.

### C. WDFW's Operation of the Puget Sound Hatcheries Averts Significant Harm to the Tribe's Fishing Rights.

Plaintiff's Second Amended Complaint in paragraph 68 targets the following Puget Sound

hatcheries, watersheds, and fish releases:

| Puget Sound Hatchery Programs | | | |
|---|---|---|---|
| **Program Name** | **Watershed Name** | **Species** | **Program Size** |
| Whatcom Creek | Whatcom Creek | Fall Chinook | 500,000 |
| Hupp Springs | Minter Creek | Spring Chinook | 500,000 |
| Kendall Creek (NF Nooksack) | Kendall Creek, Middle Fork Nooksack, North Fork Nooksack | Spring Chinook | 1,300,000 |
| Samish | Samish River | Fall Chinook | 7,000,000 |
| Chambers Creek | Chambers Creek | Fall Chinook | 950,000 |
| George Adams | Purdy Creek | Fall Chinook | 3,600,000 |
| Tumwater Falls | Capitol Lake | Fall Chinook | 3,800,000 |

1    (SAC ¶ 68, ECF No. 49.)

2           Plaintiff alleges "non-compliance" with the ESA based on natural-origin salmonid genetic

3    adaption to captivity in a single generation.  (Chance Decl. ¶ 15.)  Although evolutionary

4    adaptation to environments may occur over time, such adaptation cannot occur in a single

5    generation. Chinook are also key to recovery of the Southern Resident Killer Whales (SRKW).

6    (Wilson Decl. ¶ 11.)  The ongoing hatchery releases of over 17 million salmon annually are

7    intended specifically to aid the SRKW.  (Chance Decl. ¶¶ 8, 11, 12, 13 & 14(c).)

8    **III.    ARGUMENT AND AUTHORITY**

9           A. Legal Standard for Intervention of Right Pursuant to FRCP 24(a)(2).

10          The Ninth Circuit has adopted a four-part test for determining whether an applicant can

11   intervene as of right pursuant to FRCP 24(a)(2):

12          (1)     the application for intervention must be timely;

13          (2)     the applicant must have a significantly protectable interest relating to the property

14   or transaction that is the subject of the action;

15          (3)     the applicant must be so situated that disposition of the action may, as a practical

16   matter, impair or impede the applicant's ability to protect that interest; and

17          (4)     the applicant's interest must not be adequately represented by existing parties to

18   the action.  *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc).

19   The Ninth Circuit interprets and applies the rule broadly in favor of intervention.  *Citizens for*

20   *Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011); *Sw. Ctr. for*

21   *Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

22          Federal courts regularly grant motions for limited intervention under FRCP 24(a) to allow

23   sovereign governments, including Indian tribes, to appear for the sole purpose of filing a motion

24   to dismiss pursuant to FRCP 12(b)(7) and 19.  *See, e.g.*, *Klamath Irrigation Dist. v. U.S. Bureau*

25   *of Reclamation*, 48 F.4th 934, 945 n.2 (9th Cir. 2022) (intervention where claimed state water

26   right threatened tribes' senior right to water for fishing); *Backcountry Against Dumps v. Bureau*

27   *of Indian Affairs*, No. 21-55869, 2022 U.S. App. LEXIS 29947 (9th Cir. Oct. 27, 2022)

28   (intervention where claimed environmental violations threatened tribal lease and investment);

1  *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843 (9th Cir.

2  2019) ("*DCAR*") (district court granted tribal entity's limited motion to intervene for purposes of

3  filing motion to dismiss on FRCP 19 grounds); *United Keetoowah Band of Cherokee Indians of*

4  *Okla. v. United States*, 480 F.3d 1318, 1323 (Fed. Cir. 2007) (lower court granted tribe's motion

5  for limited intervention pursuant to FRCP 24(a)(2) to seek dismissal pursuant to FRCP 19); *Lac*

6  *Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 495 (7th Cir.

7  2005) (district court granted tribe's motion for limited intervention for purpose of seeking

8  dismissal); *Maverick Gaming LLC v. United States*, No. 3:22-cv-05325-DGE, 2023 U.S. Dist.

9  LEXIS 28654, at *18 (W.D. Wash. Feb. 21, 2023) ("It is well established in this Circuit that

10  tribes may intervene for the limited purpose of asserting they are required parties without waiving

11  their sovereign immunity."); *Hayes v. Chaparral Energy, LLC*, No. 14-CV-495-GKF-PJC, 2016

12  U.S. Dist. LEXIS 37631, at *18 (N.D. Okla. Mar. 23, 2016) (same), *vacated as moot*, 699 F.

13  App'x 799 (10th Cir. 2017); *Wyandotte Nation v. City of Kan. City*, 200 F. Supp. 2d 1279 (D.

14  Kan. 2002) (granting State of Kansas' limited motion to intervene for purpose of filing motion to

15  dismiss pursuant to FRCP 19).  *See also SEC v. Ross*, 504 F.3d 1130, 1148-51 (9th Cir. 2007)

16  (person/entity may intervene and appear as a party for limited purpose of contesting jurisdiction,

17  venue, etc. and such intervention for a limited purpose does not constitute consent to the court's

18  jurisdiction over the intervening party); *United Specialty Ins. Co. v. Jonak*, No. 3:17-cv-0330-AC,

19  2017 U.S. Dist. LEXIS 173259 (D. Or. Aug. 28, 2017) (intervention by state government in

20  federal court proceedings may be limited to purpose of asserting itself as necessary party or

21  otherwise challenging jurisdiction so long as it makes clear it is reserving sovereign immunity).

22  In this motion, expressly reserving their sovereign immunity, the Tribe seeks to intervene

23  for the limited purpose of filing their attached Motion to Dismiss pursuant to FRCP 12(b)(7) and

24  19 for failure to join the Tribes (and other required Indian tribes).  The Tribes' motion for limited

25  intervention, while expressly reserving sovereign immunity and their FRCP 19 objections, should

26  be granted.

27

28

1
B.  The Tribe's Motion for Limited Intervention Is Timely.

2
Determining whether a motion to intervene is timely requires a "nuanced, pragmatic"

3
evaluation that considers the state of the proceedings, the prejudice to other parties, and the

4
reasons for and length of the delay.  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d

5
1297, 1302-03 (9th Cir. 1997).  Here, the Court recently allowed supplementation of the

6
complaint noting that the case was "still in its infancy."  (Order Granting Motion to Dismiss and

7
Granting Motion for Leave to Amend and Supplement Complaint at 23, ECF No. 41.)

8
The supplemental complaint (which added the claims against the hatcheries) was filed on

9
February 22, 2023.  (ECF No. 44.)  Defendants filed a responsive pleading on March 8, 2023.

10
(ECF No. 46.)  No substantive action has been taken since the amended complaint was filed.  In

11
short, the case is in its early stages.  Granting the Tribe's motion for limited intervention will not

12
prejudice any existing parties or delay the resolution of the litigation.  *Nw. Forest Res. Council v.*

13
*Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (no prejudice where "the motion was filed before the

14
district court . . . made any substantive rulings"); *Citizens for Balanced Use*, 647 F.3d at 897.

15
Indeed, the sole purpose of the Tribe's limited intervention is to move to dismiss this litigation in

16
its entirety for failure to join the Tribe, which is a required party.

17
C.  The Tribe Has A Significant Protectable Interest in the Subject Matter of the Litigation.

18
An applicant has a "significant protectable interest" in an action if: (1) it asserts an interest

19
that is protected under some law; and (2) there is a relationship between its legally protected

20
interest and the plaintiff's claims.  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998);

21
*United States v. City of L.A.*, 288 F.3d 391, 398 (9th Cir. 2002) (applicant for intervention has

22
significant protectable interest if applicant asserts interest that is protected by law and there is

23
relationship between interest and plaintiff's claims such that resolution of action will affect

24
applicant).  The relationship requirement is met "if the resolution of the plaintiff's claims actually

25
will affect the applicant." *City of L.A.*, 288 F.3d at 398 (quoting *Donnelly*, 159 F.3d at 410).  Both

26
the "interest" and "relationship" requirements are satisfied when "injunctive relief sought by the

27
plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable

28

MOTION TO INTERVENE FOR LIMITED PURPOSE
OF FILING MOTION TO DISMISS
NO. 2:21-CV-00169-JNW

6

LUMMI INDIAN BUSINESS COUNCIL
2665 KWINA ROAD, BELLINGHAM, WA 98226
TELEPHONE: (360) 384-7110

interests." *Berg*, 268 F.3d at 818 (citation omitted).  Those standards are clearly met here,

supporting the Tribe's intervention.

As explained above, the Tribe has federally reserved treaty fishing rights that are

protected under federal law.  *United States v. Washington*, 759 F.2d 1353. This case addresses

Plaintiff's claims based on procedural requirements which, as interpreted by Plaintiffs, compete

with and are mutually exclusive of the Tribe's fishing rights.  If Plaintiff prevails, WDFW would

be enjoined from releasing or allowing the release of any fish for years to come regardless of the

need for protection of ESA-listed SRKWs or for fulfillment of the Tribe's treaty rights.

Terminating hatchery production will have a drastic effect on harvest and management of the

remaining fish stocks.  There is a direct relationship between the Tribe's legally protected rights

(its federally reserved fishing rights) and the Plaintiffs' claims (which seek to block production of

the fish that are subject to the treaty).  The Tribe has an interest in the litigation that supports its

intervention.

> D.   If Plaintiffs Succeed in This Case, the Tribe's Interests Will as A Practical
> Matter Be Severely Impaired or Impeded.

The third element of the intervention test under FRCP 24(a)(2) requires the Tribe to show

that disposition of the action may impair or impede its interests.  *Citizens for Balanced Use*, 647

F.3d at 898.  The applicant's burden on this element is minimal.  "If an absentee would be

substantially affected in a practical sense by the determination made in the action, he should, as a

general rule be permitted to intervene . . . ."  *Id.* (quoting FRCP 24 advisory committee note).

Impairment need not be a certainty; rather, the proposed intervenor need only show that

impairment of its legal interest is possible if intervention is denied.  *City of L.A.*, 288 F.3d at 401;

*Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999) ("To satisfy this element of the

intervention test, a would-be intervenor must show only that impairment of its substantial legal

interest is possible if intervention is denied.  This burden is minimal." (citation omitted)).

Here, the Tribe has a legally protected interest in hatchery-produced fish that would be

impaired and impeded if Plaintiff obtains its requested relief.  The relief sought by Plaintiff would

be nothing less than devastating to the Tribe and its interests in the fish and water resources of

1  Puget Sound.  (Chance Decl. ¶ 14(c).)  The Tribe is entitled to intervene as of right.  *Forest*
2  *Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995) (granting intervention of
3  right where proposed intervenors' interests would, as a practical matter, be affected by injunction
4  sought by plaintiffs in action); *Citizens for Balanced Use*, 647 F.3d at 898 (granting intervention
5  of right where proposed injunction may, as a practical matter, impair proposed intervenors'
6  interests).

7          E.  <u>No Party Adequately Represents the Tribe's Interests.</u>

8        The final requirement for intervention as a matter of right is to show that the existing
9  parties do not adequately represent the Tribe's interests.  The burden of demonstrating inadequate
10  representation is minimal and can be satisfied by a showing that the existing parties'
11  representation "may be" inadequate.  *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538
12  n.10 (1972); *Citizens for Balanced Use*, 647 F.3d at 898.

13        In evaluating adequacy of representation, the Ninth Circuit evaluates three factors:  "(1)
14  whether the interest of a present party is such that it will undoubtedly make all of a proposed
15  intervenor's arguments; (2) whether the present party is capable and willing to make such
16  arguments; and (3) whether a proposed intervenor would offer any necessary elements to the
17  proceeding that other parties would neglect."  *Citizens for Balanced Use*, 647 F.3d at 898
18  (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).  Doubts regarding adequacy
19  of representation are resolved in favor of the proposed intervenor.  6 Moore's Federal Practice
20  § 24.03[4][a] (2023).

21        Here, no party adequately represents the Tribe's interests.  The Tribe is obviously not
22  adequately represented by Plaintiffs, whose position directly conflicts with the Tribe's interests.
23  Nor is the Tribe adequately represented by WDFW.

24        In the context of treaty fishing rights and *United States v. Washington*, No. 70-9213 (W.D.
25  Wash.) WDFW is generally adverse to tribal interests.  The State has an interest in regulating fish
26  for the benefit of all its citizens.  Indeed, WDFW has conflicts of interest due to competing
27  responsibilities to Plaintiff and non-treaty fishing groups.  Lummi, by contrast, has an interest in
28  preserving and protecting its treaty right to take fish regardless of and independent from state

MOTION TO INTERVENE FOR LIMITED PURPOSE
OF FILING MOTION TO DISMISS
NO. 2:21-CV-00169-JNW
8
LUMMI INDIAN BUSINESS COUNCIL
2665 KWINA ROAD, BELLINGHAM, WA 98226
TELEPHONE: (360) 384-7110

1   regulatory interests.  The State's interest in protecting a non-treaty fish harvests diverges directly

2   from Lummi's interest in fulfillment of its treaty-reserved fishing right for Lummi members.  The

3   State Defendants are not an adequate representative of Lummi's treaty interests in this litigation.

4   *White v. Univ. of Cal.*, 765 F.3d 1010, 1027 (9th Cir. 2014) (state defendants not adequate

5   representative of tribal interests); *Union Pac. R.R. Co. v. Runyon*, 320 F.R.D. 245, 252 (D. Or.

6   2017) (local governments not adequate representative of treaty tribes).

7        Because WDFW's interests in this litigation are not the same as Lummi's, they will not

8   "undoubtedly" make all of Lummi's arguments or present all of Lummi's unique sovereign

9   interests.  The Tribe is directly interested in how this proceeding would affect, as a practical

10  matter, its treaty fishing rights, which are central to its culture, subsistence, and very existence.

11  WDFW has a different general interest in defending its decisions made pursuant to the

12  Endangered Species Act and other laws.  *See, e.g.*, *Friends of Amador Cnty. v. Salazar*, 554 F.

13  App'x 562, 564 (9th Cir. 2014) (finding that United States' failure to move for dismissal

14  indicated divergence between the Tribe's interests and those of the United States); *Murphy Co. v.*

15  *Trump*, No. 1:17-cv-00285-CL, 2017 U.S. Dist. LEXIS 35959 (D. Or. Mar. 14, 2017) (granting

16  intervention of right and finding United States' representation of putative intervenors' interests

17  inadequate where, despite some congruence of interests, the federal defendants' broader interests

18  impair their ability to adequately represent the narrower interests of intervenor); *Kickapoo Tribe*

19  *of Okla. v. Lujan*, 728 F. Supp. 791, 797 (D.D.C. 1990) (while federal government had interest in

20  defending agency action and authority, the Tribe "has an interest in its own survival, an interest

21  which it is entitled to protect on its own").

22       The practical effect of the relief requested by Plaintiffs would significantly impair the

23  Tribe's rights and would be devastating to the Tribe.  Only the Tribe can adequately present and

24  defend its interest in the fish and water resources affected here as well as its interest in sovereign

25  immunity.  *See DCAR*, 932 F.3d at 852 (affirming that United States was not adequate

26  representative of tribal entity's interests and that the public rights exception did not apply).  In

27  similar circumstances, courts have frequently held that government defendants do not adequately

28  represent the interests of private intervenors.  *See, e.g.*, *Citizens for Balanced Use*, 647 F.3d at

1  898-901 (U.S. Forest Service not adequate representative of environmental advocacy

2  organization's interests in an action by organizations that sought to reduce restrictions on vehicle

3  use in national forest); *Forest Conservation Council*, 66 F.3d at 1498-99 (U.S. Forest Service not

4  adequate representative of state and county interests in action regarding management of national

5  forest); *Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (EPA not adequate

6  representative of municipal permit holder's interests in action against EPA challenging the permit

7  holder's discharges).

8      Without the Tribe's presence, WDFW could also take litigation and settlement positions

9  (based on general policies unrelated to the Tribe's interests) that fail to adequately reflect and

10  protect the Tribe's specific interests.  WDFW has previously failed meaningfully to consult with

11  Lummi when settling litigation affecting Lummi's interest.  And in the context of FRCP 19,

12  conflicts of interest preclude a finding of adequate representation where, for example, federal

13  agencies owe trust duties to multiple tribes with conflicting interests in the litigation.  *Manybeads*

14  *v. United States*, 209 F.3d 1164, 1166-67 (9th Cir. 2000); *Quileute Indian Tribe v. Babbitt*, 18

15  F.3d 1456, 1460 (9th Cir. 1994); *Confederated Tribes of the Chehalis Indian Rsrv. v. Lujan*, 928

16  F.2d 1496, 1500 (9th Cir. 1991); *Makah Indian Tribe v. Verity,* 910 F.2d 555, 560 (9th Cir.

17  1990); *see also* 6 Moore's Federal Practice § 24.03[4][a] (noting that representation by

18  government is inadequate where interests of proposed intervenor and government may diverge in

19  fact); *see DCAR*, 932 F.3d at 852 (United States not adequate representative of tribal interest

20  where respective federal/tribal interests may diverge).  The test for evaluating adequacy of

21  representation for purposes of intervention under FRCP 24(a)(2) parallels that in the FRCP 19

22  context.  *See Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992).  For that reason as

23  well, the WDFW cannot be an adequate representative of the Tribe's interests.

24  **IV.   CONCLUSION**

25      For the foregoing reasons, the Tribe requests that the Court grant its motion to intervene

26  pursuant to FRCP 24(a)(2) for the limited purpose of filing a motion to dismiss pursuant to FRCP

27  12(b)(7) and 19.

28

1    Respectfully submitted this 27th day of April 2023.

2                                    LUMMI INDIAN BUSINESS COUNCIL

3

4                                    By: */s/ Gabriel Cantu*
                                         Gabriel Cantu
5
                                     Gabriel Cantu (WSBA #52733)
6                                    Lummi Indian Business Council
                                     Office of The Reservation Attorney
7                                    2665 Kwina Road
                                     Bellingham, WA  98226
8                                    Telephone:      360.384.7110
                                     GabrielC@lummi-nsn.gov
9
                                     Mark David McPherson (*pro hac vice*
10                                   *forthcoming*)
                                     James R. Sigel (*pro hac vice forthcoming*)
11                                   Camille Framroze (*pro hac vice forthcoming*)
                                     Joel Wacks (*pro hac vice forthcoming*)
12                                   MORRISON & FOERSTER LLP
                                     425 Market Street
13                                   San Francisco, CA  94105-2482
                                     Telephone:      415.268.7000
14                                   Facsimile:      415.268.7522
                                     MMcPherson@mofo.com
15                                   JSigel@mofo.com
                                     CFramroze@mofo.com
16                                   JWacks@mofo.com

17
                                     *Attorneys for Proposed Intervenor Lummi*
18                                   *Indians of The Lummi Reservation of*
                                     *Washington*
19
20   I certify that this memorandum contains 3,948 words, in compliance with the Local Civil Rules.

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties which are registered with the CM/ECF system.


By: */s/ Gabriel Cantu*
      Gabriel Cantu