UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILD FISH CONSERVANCY,<br><br>    Plaintiff,<br><br> v.<br><br>WASHINGTON DEPARTMENT OF FISH & WILDLIFE; KELLY SUSEWIND, in his official capacity as the Director of the Washington Department of Fish & Wildlife; BARBARA BAKER, in her official capacity as Chair of the Washington Fish & Wildlife Commission; MOLLY LINVILLE, in her official capacity as Vice Chair of the Washington Fish & Wildlife Commission; JAMES ANDERSON, in his official capacity as a member of the Washington Fish & Wildlife Commission; LORNA SMITH, in her official capacity as a member of the Washington Fish & Wildlife Commission; JOHN LEHMKUHL, in his official capacity as a member of the Washington Fish & Wildlife Commission; TIM RAGEN, in his official capacity as a member of the Washington Fish & Wildlife Commission; MELANIE ROWLAND, in her official capacity as a member of the Washington Fish & Wildlife Commission; and KIM THORNBURN, in her official capacity as a member of the Washington Fish & Wildlife Commission,<br><br>    Defendants. | CASE NO. 21-cv-169<br><br>ORDER REQUESTING ADDITIONAL BRIEFING AND RENOTING MOTION FOR ENTRY OF CONSENT DECREE |

ORDER REQUESTING ADDITIONAL BRIEFING AND RENOTING MOTION FOR ENTRY OF CONSENT DECREE - 1

This matter comes before the Court on the parties' Motion For Joint Entry of Consent Decree. Dkt. No. 73. In its Second Amended and Supplemental Complaint, Plaintiff alleges Defendants violated the Endangered Species Act (ESA) by "implement[ing] and funding" various hatchery programs throughout the Puget Sound and Columbia River basin. Dkt. No. 49 at 17-18, 24. Plaintiff seeks declaratory and injunctive relief for Defendants' alleged violations of the ESA. Dkt. No. 49 at 24-25.

Before the parties filed their proposed Consent Decree, the Nooksack Indian and Tulalip Tribes, Squaxin Island Tribe, Lummi Indians of the Lummi Reservation of Washington, and the Puyallup Tribe of Indians (collectively, "Prospective Intervenors") filed motions to intervene for a limited purpose. Dkt. Nos. 50, 56, 57, 64. Prospective Intervenors request intervention under Fed. R. Civ. 24(a) for the limited purpose of filing motions to dismiss under Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19. *See id*. Generally, Prospective Intervenors assert the relief sought by Plaintiff could affect fish resources to which they have treaty rights. *See id*. Prospective Intervenors argue that they should be permitted to intervene because Defendants would not defend their respective rights to the hatcheries at issue. *See id*. Plaintiff did not object to intervention by Intervenors. *See* Dkt. Nos. 54, 70, 71, 72.

The proposed Consent Decree's terms impose obligations on the parties that do not appear to implicate any of the Prospective Intervenors directly but pertain to fish and numerous hatcheries. *See* Dkt. No. 73 at 6-9; Ex. A. The parties' proposed Consent Decree states that it "is a full and complete settlement and release of all ESA violations alleged by the Conservancy in the Second Amended and Supplemental Complaint, the First Notice Letter, and the Second Notice Letter that occurred prior to and through the date of entry of this Consent Decree." Dkt. No. 73 at 10-11.

In their motion, the parties state they "are noting this motion as a third Friday motion to provide an opportunity for interested parties to respond as appropriate." Dkt. No. 73 at 2. Friday,

ORDER REQUESTING ADDITIONAL BRIEFING AND RENOTING MOTION FOR ENTRY OF CONSENT DECREE - 2

June 16, 2023, was the noting date for the parties' motion. Dkt. No. 73. But to date, Prospective Intervenors have not filed any response. *See* Dkt.

The Court ORDERS Prospective Intervenors to provide briefing on the following two issues:

(1) Whether Prospective Intervenors' motions to intervene for the limited purpose of filing motions to dismiss this lawsuit are moot in light of the parties' Motion For Joint Entry of Consent Decree (Dkt. No. 73);

(2) If Prospective Intervenors contend their motions to intervene are not moot, please provide legal authority and argument in response to the parties' Motion For Joint Entry of Consent Decree.

Prospective Intervenors are ORDERED to file their responses to the Court's questions within 14 days of entry of this order; Plaintiff and Defendants may file responses within 21 days of entry of this order. If Prospective Intervenors take no position concerning the proposed Consent Decree, they should say so. Submissions must not exceed 4,200 words. The Motion For Joint Entry of Consent Decree is re-noted for July 14, 2023.

It is so ORDERED.

Dated this 23rd day of June, 2023.

Jamal N. Whitehead
United States District Judge