HONORABLE JAMAL N. WHITEHEAD

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

    Plaintiff,

v.

Susewind, *et al.*,

    Defendants.

Case No. 2:21-cv-00169-JNW

CONSENT DECREE

## I.    STIPULATIONS.

On December 2, 2020, Plaintiff Wild Fish Conservancy (the "Conservancy") issued a sixty (60) day notice of intent to sue ("First Notice Letter") Kelly Susewind, in his official capacity as the Director of the Washington Department of Fish and Wildlife (the "Director"), and Commissioners Barbara Baker, David Graybill, Molly Linville, Bradley Smith, Larry Carpenter, James Anderson, Robert Kehoe, Donald McIsaac, and Kim Thorburn, in their official capacities as Commissioners of the Washington Fish and Wildlife Commission[1] (the "Commissioners"), and the Washington Department of Fish and Wildlife ("WDFW"), for alleged violations of section 9 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538;

---

[1] The Conservancy and Defendants have continually substituted the Commissioners of the Washington Fish and Wildlife Commission with successors throughout this lawsuit as appropriate. The current Commissioners of the Washington Fish and Wildlife Commission include Barbara Baker, Molly Linville, James Anderson, John Lehmkuhl, Woodrow Myers, Steve Parker, Tim Ragen, Melanie Rowland, and Lorna Smith.

CONSENT DECREE – 1
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

On February 10, 2021, the Conservancy filed a complaint against the Director, the Commissioners, and WDFW for the alleged violations of section 9 of the ESA, 16 U.S.C. § 1538;

On August 20, 2021, the Conservancy issued a supplemental sixty (60) day notice of intent to sue ("Second Notice Letter") the Director, the Commissioners, and WDFW, for alleged violations of section 9 of the Endangered Species Act, 16 U.S.C. § 1538;

On February 22, 2023, the Conservancy filed its First Amended and Supplemental Complaint against the Director, the Commissioners, and WDFW for alleged violations of section 9 of the ESA, 16 U.S.C. § 1538;

On April 12, 2023, the Conservancy filed its Second Amended and Supplemental Complaint against the Director and the Commissioners for the alleged violations of section 9 of the ESA, 16 U.S.C. § 1538;

The Conservancy's First Notice Letter, Second Notice Letter, and Second Amended and Supplemental Complaint allege that the Director and the Commissioners (collectively, "WDFW Officials") are in violation of section 9 of the ESA, 16 U.S.C. § 1538, for "take" of ESA-listed species resulting from implementation of fourteen WDFW hatchery programs throughout Washington: the South Fork Skykomish River Summer Steelhead Program ("Skykomish Program"), seven other hatchery programs in Puget Sound, and six hatchery program in the Columbia River basin (collectively, the "Hatchery Programs");

The Conservancy's Second Amended and Supplemental Complaint seeks declaratory and injunctive relief and an award of litigation expenses, including attorney and expert fees;

The Conservancy represents that a primary concern with WDFW's operations at the Hatchery Programs that prompted the First Notice Letter and Second Notice Letter was that WDFW had not secured ESA review or approval for the programs, and it continued to implement the programs without ESA review or approval;

On April 23, 2021, the National Marine Fisheries Service ("NMFS") and the United States Fish and Wildlife Service issued biological opinions ("BiOp") with incidental take

CONSENT DECREE – 2
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

statements ("ITSs") for the Skykomish Program that included exemptions from liability under section 9 of the ESA, 16 U.S.C. § 1538, for that program;

On July 2, 2021, NMFS approved the Hatchery and Genetic Management Plan ("HGMP") for the Skykomish Program that also included exemptions from liability under section 9 of the ESA, 16 U.S.C. § 1538, for that program;

WDFW is required to monitor and report certain information on the North Fork Skykomish summer steelhead population pursuant to Term and Condition 1a of the ESA Section 7(a)(2) Biological Opinion and Magnuson-Stevens Fishery Conservation and Management Act Essential Fish Habitat Consultation (October 27, 2021);

The WDFW Officials deny any fault, wrongdoing, or liability for the claims and violations alleged in the Conservancy's First Notice Letter, Second Notice Letter, and Second Amended and Supplemental Complaint;

Solely for the purposes of this Consent Decree, the Conservancy and the WDFW Officials (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 11(g) of the ESA, 16 U.S.C. § 1540(g);

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving in full this action;

The Parties stipulate to entry of this Consent Decree without trial, adjudication, or admission of any issue of fact, allegation, issue of law, or legal argument regarding the claims and allegations set forth in the Conservancy's First Notice Letter, Second Notice Letter, and Second Amended and Supplemental Complaint;

The signatories for the Parties certify that they are authorized by the party(ies) they

\\\

\\\

\\\

\\\

CONSENT DECREE – 3
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

represent to enter into these Stipulations and Consent Decree.

| WILD FISH CONSERVANCY | WDFW OFFICIALS |
|---|---|
| By: _[signature]_____ | By: _[signature]_____ |
| Emma Helverson, Executive Director | Kelly Susewind, Director |
| KAMPMEIER & KNUTSEN, PLLC | OFFICE OF THE ATTORNEY GENERAL STATE OF WASHINGTON |
| By: _[signature]_____ | By: _[signature]_____ |
| Emma Bruden, WSBA #56280 | Koalani Kaulukukui-Barbee, WSBA #50642 |
| *Attorneys for the Conservancy* | *Attorneys for WDFW Officials* |

## II.   ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations of the Parties and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

**A.   DEFINITIONS.**

   1. The term "Conservancy" refers to Plaintiff Wild Fish Conservancy.

   2. The term "WDFW" refers to the Washington Department of Fish and Wildlife.

   3. The term "WDFW Officials" refers collectively to Defendants Director Kelly Susewind, in his official capacity as the Director of WDFW, and Commissioners Barbara Baker, Molly Linville, James Anderson, John Lehmkuhl, Woodrow Myers, Steve Parker, Tim Ragen, Melanie Rowland, and Lorna Smith, in their official capacities as Commissioners of the Washington Fish and Wildlife Commission.

   4. The term "Parties" refers collectively to the Conservancy and the WDFW Officials.

   5. The term "ESA" refers to the Endangered Species Act, 16 U.S.C. §§ 1531–1544.

CONSENT DECREE – 4
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

6. The term "First Notice Letter" refers to the sixty (60) day notice of intent to sue by the Conservancy to WDFW and the WDFW Officials on December 2, 2020.

7. The term "Second Notice Letter" refers to the sixty (60) day notice of intent to sue by the Conservancy to WDFW and the WDFW Officials on August 20, 2021.

8. The term "Second Amended and Supplemental Complaint" refers to the currently operative complaint filed in this matter on April 12, 2023.

9. The term "NMFS" refers to the National Marine Fisheries Service (also known as NOAA Fisheries Service).

10. The term "HGMP" refers to Hatchery and Genetic Management Plans prepared under 50 C.F.R. § 223.203(b)(5) and/or (6).

11. The term "ITS" refers to an incidental take statement issued in a biological opinion prepared under 16 U.S.C. § 1536(b)(4)(B).

12. The term "BiOp" refers to a biological opinion prepared under 16 U.S.C. § 1536(b)(4)(B).

13. The term "Appendix A" refers to the appendix attached to this Consent Decree, which lists 43 hatchery programs in the State of Washington.

**B.  GENERAL TERMS.**

1. The Court has jurisdiction over the Parties and the subject matter of this action.

2. This Consent Decree applies to, is binding on, and inures to the benefit of the Parties and their successors and assigns.

3. This Consent Decree is a settlement of disputed facts and law and, except as provided herein, shall not constitute an admission or adjudication with respect to any allegations of the Second Amended and Supplemental Complaint, the First Notice Letter, or the Second Notice Letter, any fact or conclusion of law with respect to any matter alleged in or arising out of the Second Amended and Supplemental Complaint, the First Notice Letter, or the Second Notice Letter, or admissions or evidence of any wrongdoing or misconduct on the part of the WDFW Officials.

CONSENT DECREE – 5
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

4. Except as provided herein, this Consent Decree is a full and complete settlement and release of all ESA violations alleged by the Conservancy in the Second Amended and Supplemental Complaint, the First Notice Letter, and the Second Notice Letter that occurred prior to and through the date of entry of this Consent Decree.

C. **SPECIFIC TERMS.**

1. **Snorkel Surveys.** In the course of meeting obligations under Term and Condition 1a of the ESA Section 7(a)(2) Biological Opinion and Magnuson-Stevens Fishery Conservation and Management Act Essential Fish Habitat Consultation, the WDFW Officials shall, in cooperation and coordination with the Conservancy, conduct systemic snorkel surveys on the North Fork Skykomish River and the South Fork of the Tolt River. The Parties shall conduct multiple such surveys each year, as conditions allow. Such surveys shall cover the entire anadromous zone of the North Fork of the Skykomish River and the South Fork of the Tolt River in an effort to enumerate summer steelhead. For such surveys, the Parties shall use protocols implemented in the Parties' 2021 report of summer steelhead snorkel surveys on the North Fork Skykomish and the North and South Fork Tolt rivers (dated January 14, 2022), or protocols otherwise agreed to by the Parties. The Conservancy's participation in this program shall be maintained for four years starting in summer 2024. WDFW Officials shall fund the Conservancy's participation in all such surveys. The Parties expect that the Conservancy's costs will be similar to those the Conservancy incurred for surveys the Conservancy has participated in pursuant to the consent decree entered on May 2, 2019, in *Wild Fish Conservancy v. WDFW, et al.*, No 2:19-cv-00612-JLR (W.D. Wash.), which were approximately $30,000 annually, and adjusted for inflation will be approximately $38,000 to $44,000 annually.

2. **Compliance Review and Disclosure Program.** Within six months of the effective date of this Consent Decree, the WDFW Officials shall develop and implement a Compliance Review and Disclosure Program that will consist of a database hosted on WDFW's public-facing website that will provide the following information for each salmon and/or

CONSENT DECREE – 6
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

steelhead hatchery program that WDFW and/or the State of Washington owns and/or operates in Puget Sound basin and the Columbia River basin below Bonneville dam:

      a.    identification of all applicable authorization, permit, and/or approval requirements under section 9 of the ESA, 16 U.S.C. § 1538, and the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*;

      b.    an explanation of whether WDFW has obtained the authorizations, permits, and/or approvals identified in section II.C.2.a above;

      c.    if WDFW has not obtained the authorizations, permits, and/or approvals identified in section II.C.2.a above, an explanation of the status of and anticipated schedule for obtaining those authorizations, permits, and/or approvals; and

      d.    if WDFW has obtained ESA authorizations, permits, and/or approvals identified in section II.C.2.a above, disclosure of the requirements of those ESA authorizations, permits, and/or approvals by providing webpage links to the applicable HGMPs, ITSs, and/or any other ESA authorizations.

WDFW Officials shall update the Compliance Review and Disclosure Program database at least each year for the duration of this Consent Decree to update the information disclosed for each hatchery program and to add to the database for each new salmon and steelhead hatchery program(s) that WDFW and/or the State of Washington owns and/or operates in Puget Sound basin and the Columbia River basin below Bonneville dam the information required to be disclosed in sections II.C.2.a–II.C.2.d above. Any disclosures or explanations made by WDFW will be consistent with all applicable law and court orders.

    **3.**    **HGMP Submission.** For all hatchery programs in Appendix A for which HGMPs have not been submitted to NMFS as of the effective date of this Consent Decree, the WDFW Officials shall submit HGMPs to NMFS for NMFS's consideration and approval under 50 C.F.R. § 223.203(b) no later than August 31, 2023. The WDFW Officials shall work in good faith with third-party co-managers to submit the HGMPs no later than August 31, 2023. However, if it appears that the WDFW Officials cannot meet the August 31, 2023 deadline due to action or

CONSENT DECREE – 7
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

inaction of third parties or issues otherwise outside of the WDFW Officials' direct control, the WDFW Officials may request from the Conservancy an extension of the August 31, 2023, deadline and the Parties may extend the deadline by mutual written agreement without the need to amend this Consent Decree. The Conservancy shall not unreasonably deny an extension request from the WDFW Officials. The WDFW Officials shall work with NMFS in good faith to obtain 4(d) determinations as soon as possible for all hatchery programs listed in Appendix A. The Parties acknowledge that NMFS's consultation on HGMPs and issuance of 4(d) determinations is within the sole discretion of NMFS. Should the WDFW Officials fail to meet the August 31, 2023, deadline or any extended deadline, the hatchery program for which an HGMP was not submitted shall be excluded from this Consent Decree's covenant not to sue in paragraph II.C.4.

   4.   **Covenant Not to Sue.** Except as provided herein, the Conservancy shall not sue the WDFW Officials, WDFW, or any WDFW personnel for any alleged violation of section 9 of the ESA, 16 U.S.C. § 1538, or for any alleged violation of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, resulting from implementation of the hatchery programs listed in Appendix A to this Consent Decree. This covenant not to sue shall last for the term of this Consent Decree except that the covenant not to sue shall not apply to any hatchery program listed in Appendix A upon NMFS's issuance of any authorization, permit, and/or approval for that hatchery program to "take" ESA-listed species. Further, this covenant not to sue shall not apply to any hatchery program in Appendix A for which WDFW and/or WDFW Officials increase production above those levels contemplated in the HGMP for that hatchery program submitted to NMFS for NMFS's consideration and approval under 50 C.F.R. § 223.203(b) as of August 31, 2023 for that program. WDFW Officials reserve the right to raise any defense that may be available to them in any such litigation, and do not waive any pre-suit notice requirement established by law. The Conservancy shall not encourage or participate in any third-party litigation that the Conservancy would be prohibited from pursuing under this covenant not to sue and this Consent Decree. Nothing in this provision is intended to waive any claims or defenses

CONSENT DECREE – 8
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

for actions allowed to be brought in the future, nor is it a waiver of any pre-suit notice requirement established by law.

### III. RETENTION OF JURISDICTION AND DISPUTE RESOLUTION.

1. The Court will retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the Parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance with, and/or resolve any dispute regarding the terms or conditions until the Consent Decree terminates under section IV.2.

2. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties will first attempt to informally resolve the dispute through conferral between the Parties. The dissatisfied Party shall provide the other Party written notice of the dispute and a request for conferral. The Parties shall thereafter confer in a good faith effort to resolve the dispute within fourteen (14) days. If the Parties are unable to resolve the dispute during the applicable period, a Party may thereafter file with the Court a motion to enforce the Consent Decree or seeking other appropriate relief, provided that this Consent Decree embodies the provisions of an agreed settlement and shall not, in the first instance, be enforceable through a proceeding for contempt of Court.

### IV. EFFECTIVE DURATION OF THE CONSENT DECREE.

1. This Consent Decree shall be effective upon its entry by the Court.

2. This Consent Decree, and all obligations, agreements, commitments, and covenants under it shall terminate six (6) years after its entry by the Court.

### V. NOTICE AND CORRESPONDENCE.

Any notice or correspondence made with respect to this Consent Decree shall be in writing and shall be effective on the date it is delivered. Electronic mail shall be deemed delivered when it is issued, unless the sender receives notification that the electronic mail was

\\\

\\\

CONSENT DECREE – 9
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

not deliverable. Notice shall be provided as follows:

| Notice to the Conservancy: | Notice to WDFW Officials: |
|---|---|
| Emma Helverson<br>Wild Fish Conservancy<br>P.O. Box 402<br>Duvall, Washington 98109<br>Email: emma@wildfishconservancy.org | Kelly Susewind, Director<br>Washington Department of Fish & Wildlife<br>P.O. Box 43200<br>Olympia, Washington 98504-3200<br>Email: Kelly.Susewind@dfw.wa.gov |
| And, | And, |
| Brian A. Knutsen<br>Emma A. O. Bruden<br>Kampmeier & Knutsen, PLLC<br>1300 SE Stark Street, Suite 202<br>Portland, Oregon 97214<br>Email: brian@kampmeierknusten.com<br>Email: emma@kampmeierknutsen.com | Koalani Kaulukukui-Barbee<br>Edward D. Callow<br>Office of the Attorney General<br>P.O. Box 40100<br>Olympia, Washington 98504-0100<br>Email: Koalani.KaulukukuiBarbee@atg.wa.gov<br>Email: Ted.Callow@atg.wa.gov |

Upon written notice to the other Party, any Party may designate a successor contact for any matter relating to this Consent Decree.

## VI.   RELEASE OF CLAIMS AND RESERVATION OF RIGHTS.

**1.   Satisfaction and Release.** This Consent Decree is a full and complete settlement and release of all ESA violations alleged by the Conservancy in the Second Amended and Supplemental Complaint, the First Notice Letter, and the Second Notice Letter that occurred prior to and through the date of entry of this Consent Decree, except the Conservancy's claim for litigation expenses, including attorney fees, expert witness fees, and costs necessary for the preparation and litigation of this case under section 11(g)(4) of the ESA, 16 U.S.C. § 1540(g)(4), and/or as otherwise authorized by law. The Conservancy may, in its discretion, move the Court for such an award of fees, costs, and other litigation expenses in accordance with Federal Rule of Civil Procedure 54(d) and Western District Local Civil Rule 54. The WDFW Officials reserve the right to raise any defense that may be available to them in any such litigation.

**2.   Reservation of Rights.** Nothing in this Consent Decree precludes or in any way affects the Conservancy's ability to challenge any evaluation, authorization, or exemption from

CONSENT DECREE – 10
Case No. 2:21-cv-00169-JNW

liability issued under the ESA, the National Environmental Policy Act, or otherwise for any hatchery program owned and/or operated by WDFW and/or the State of Washington. Nothing in this Consent Decree precludes or in any way affects the Conservancy's ability to pursue litigation against NMFS or any entity other than the WDFW Officials, WDFW, or any WDFW personnel. Nothing in this Consent Decree precludes or in any way affects the Conservancy's ability to challenge WDFW's implementation of any hatchery programs owned and/or operated by WDFW and/or the State of Washington upon the termination of this Consent Decree under paragraph IV.2.

## VII. MUTUAL DRAFTING AND CONSTRUCTION.

1. It is expressly understood and agreed that this Consent Decree was jointly drafted by the Parties. Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

2. This Consent Decree is the entire agreement between the Parties in this case. All prior conversations, meetings, discussions, drafts, and writings of any kind are specifically superseded by this Consent Decree.

## VIII. EXECUTION OF CONSENT DECREE.

1. This Consent Decree may be executed in any number of counterpart originals, each of which will be deemed to constitute an original agreement, and all of which shall constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party has signed all other counterparts.

2. Signature on a counterpart or authorization of an electronic signature shall

\\\
\\\
\\\
\\\
\\\

CONSENT DECREE – 11
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

constitute a valid signature.

ENTERED and DATED this 3rd day of August, 2023.

_____
HONORABLE JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE

Presented by:

KAMPMEIER & KNUTSEN, PLLC

By: *s/ Emma Bruden*
   Emma Bruden, WSBA No. 56280
Brian A. Knutsen, WSBA No. 38806
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
Telephone: (503) 841-6515 (Knutsen)
           (503) 719-5641 (Bruden)
Email: brian@kampmeierknutsen.com
       emma@kampmeierknutsen.com

*Attorneys for Plaintiff Wild Fish Conservancy*


ROBERT W. FERGUSON
Attorney General

By: *s/ Koalani Kaulukukui-Barbee*
   Koalani Kaulukukui-Barbee, WSBA #50642
Edward Callow, WSBA #30484
Public Lands and Conservation Division
1125 Washington Street SE
P.O. Box 40100
Olympia, WA  98504-0100
360-664-8977 (Kaulukukui-Barbee)
360-664-2854 (Callow)
Koalani.KaulukukuiBarbee@atg.wa.gov
Ted.Callow@atg.wa.gov

*Attorneys for Defendants*

CONSENT DECREE – 12
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

## Appendix A

| | | |
|---|---|---|
| 1. Glenwood Springs Fall Chinook | 2. Grovers Creek Hatchery Fall Chinook | 3. South Sound Coho Net Pens |
| 4. NF Nooksack Fall Chum | 5. Clarks Creek Fall Chinook | 6. South Sound Net Pens Fall Chinook |
| 7. Nooksack River Coho – Kendall Creek Hatchery | 8. Diru Creek Fall Chum | 9. Nisqually River Fall Chinook |
| 10. North/Middle Fork Nooksack Native Chinook Hatchery Restoration Program | 11. Minter Creek/Hupp Springs Spring Chinook | 12. Nisqually River Coho Salmon |
| 13. Lummi Bay Hatchery Chinook | 14. Puyallup Tribe's Puyallup Acclimation Sites and Lake Kapowsin Net Pens | 15. George Adams Fall Chinook |
| 16. Lummi Bay Hatchery Chum | 17. Voights Creek Coho | 18. George Adams Coho |
| 19. Lummi Bay Hatchery Coho | 20. Voights Creek Fall Chinook | 21. Skokomish River Spring Chinook |
| 22. Samish Fall Chinook | 23. White River Spring Chinook | 24. Lewis Basin Chum Enhancement |
| 25. Skookum Creek Hatchery Chinook | 26. White River Winter Steelhead | 27. Lewis River Coho – Early (Type S) |
| 28. Skookum Creek Hatchery Coho | 29. Chambers Creek Fall Chinook | 30. Lewis River Coho – Integrated |
| 31. Whatcom Creek Fall Chinook | 32. Deschutes Basin Coho Supplementation | 33. Lewis River Spring Chinook Salmon |
| 34. Whatcom Creek Chum | 35. Deschutes River Fall Chinook | 36. Cowlitz River Fall Chinook Salmon |
| 37. Skagit River Fall Chinook | 38. Minter Creek Coho | 39. Cowlitz River Spring Chinook |
| 40. Skagit River Spring Chinook | 41. Minter Creek Chum | |
| 42. Skagit River Summer Chinook | 43. Minter Creek Fall Chinook | |

CONSENT DECREE – 13
Case No. 2:21-cv-00169-JNW

KAMPMEIER & KNUTSEN, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515